UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY MOSLEY-LOVINGS, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § § | Civil Action No. 3:18-CV-01145-X |
| AT&T CORP.; AT&T INC. and SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC, a/k/a AT&T SOUTHWEST, AT&T SERVICES, INC. and DIRECTTV LLC, | § § § § § § § § | |
| *Defendants*. | § § | |

ORDER ON MOTIONS IN LIMINE, WITNESSES, AND EXHIBITS

This ruling addresses matters not fully resolved on the record at the final pretrial conference: the remaining motions in limine, exclusion of witnesses, and objections to exhibits.

## I.     Motions in Limine

Mosley-Lovings filed three individual motions in limine [Doc. Nos. 235-37]. In her first motion in limine Mosley-Lovings seeks to exclude any reference to any determination or lack of determination by any governmental entity, such as the Department of Labor, with respect to the defendant's exception time-keeping policy [Doc. No. 237]. In her second motion in limine, Mosley-Lovings seeks to exclude all

30(b)(6) testimony on direct examination.[1]  The third motion in limine seeks to deny

all exhibits for which the defendant cannot lay a proper foundation, particularly

business records without a custodian or witness who can properly authenticate them.

AT&T filed a single omnibus motion with twelve motions in limine contained

within it [Doc. No. 242].  The first motion seeks to exclude evidence of AT&T's

timekeeping practices for employers at any call center that is not the Dallas and Fort

Worth call centers that Mosley-Lovings worked at.  The second motion seeks to

exclude evidence that relates to any other litigation against AT&T, prior or pending,

that does not involve Mosley-Lovings.  The third asks the Court to exclude evidence

of legal claims of anyone who is not a party this action.  The fourth seeks to bar the

plaintiff from arguing that IEX, CTI, and HVD data, or any other data, establishes

actual or constructive knowledge of unreported overtime.  The fifth is a request to

exclude all of the HVD data.  The sixth moves the Court to keep out all evidence and

references relating to Mosley-Lovings' prior discovery complaints, the data at issue in

those complaints, and alleged spoliation of evidence.  The seventh asks the Court to

prevent any argument about reference to a "time rounding" rule.  The eighth moves

to exclude testimony regarding "missing" AT&T witnesses.  Mosley withdrew her

objection to that motion at the pretrial conference.  The ninth seeks to exclude

evidence of or reference to the wealth and finances of AT&T. The tenth asks the Court

to prohibit a reference to the size or characteristics of the firm to which Counsel for

defendant belong.  The eleventh asks the Court to stop Mosley-Lovings' counsel from

---

[1] Federal Rule of Civil Procedure 30(b)(6) deals with the deposition of a public or private entity by way of an employee or representative of that entity who may not have personal knowledge of the facts about which they are deposed.

calling AT&T's counsel and its witnesses liars, and to prohibit reference to misrepresentations. The twelfth requests that the Court prohibit arguments and allegations about Fair Labor Standard Act violations not pleaded, such as record keeping violations.

## A.  Plaintiff

The Court **GRANTS** motion in limine no. 1 [Doc. No. 237] and **DENIES** motions in limine no. 2 [Doc. No. 236] and no. 3 [Doc. No. 235].

## B.  Defendant

The Courts' rulings are as follows and are based on consideration of the motions and briefs, and the reasons expressed during the hearing. The Court has added clarifications where necessary below.

The Court **DENIES** the defendant's first motion in limine. With regard to motion no. 1 on evidence of timekeeping practices at other call centers, the Court acknowledged at the pretrial conference and reiterates here the possibility that an AT&T witness could open the door to such testimony. For example, if witness Joni Hixson testifies at trial that a timekeeping practice of having a team cross check work schedules against logout data is not feasible,[2] such an answer would open the door to testimony about practices in the San Antonio call center.

The Court **GRANTS** the defendant's second motion in limine.

The Court **GRANTS IN PART** and **DENIES IN PART** the defendant's third

---

[2] Counsel for Mosley-Lovings also argued that "feasibility" triggers a separate inquiry under the analysis of de minimis claims and requires a separate finding of fact by the jury on administrative infeasibility. The Court understands this concern but believes the de minimis inquiry is a separate matter for the jury charge and not to be confused with whether Hixson can open the door to such testimony as an exception to Rule 407's prohibition on evidence of subsequent measures.

3

motion in limine.  The Court in its ruling below on other witnesses is allowing Mosely-Lovings to present Cedric Harrington for the purpose of corroborating Mosley-Lovings's testimony that AT&T had a policy of using or losing trade time and dissuading employees from reporting overtime.  The Court is also allowing Mosley-Lovings to present either Mikishia Pittman or Latrice Wright to testify to their interactions with the force team.  Beyond these witnesses, the Court grants AT&T's third motion in limine.

The Court **GRANTS** the defendant's fourth motion in limine.

The Court **DENIES** the defendant's fifth motion in limine.

The Court **DENIES** the defendant's sixth motion in limine.  In the event that Mosley-Lovings actually proves spoliation, they are entitled to the instruction.  The Court reminds the parties that this is a high bar, given that "[a] spoliation instruction entitles the jury to draw an inference that a party who intentionally destroys important documents did so because the contents of those documents were unfavorable to that party."[3]

The Court **DENIES** the defendant's seventh motion in limine.  While Mosley-Lovings may present evidence, assuming proper foundation, of AT&T's time "rounding" rule, AT&T is free to argue that policy did not adversely impact Mosley-Lovings.

Mosley-Lovings withdrew her objection to the eighth motion in limine, and the Court accordingly **GRANTS** it.

The Court **GRANTS IN PART** the defendant's ninth motion in limine.  The

---

[3] *Russell v. Univ. of Tex. of Permian Basin*, 234 Fed.Appx. 195, 207 (5th Cir. 2007).

Court will exclude evidence or reference to the financial status of AT&T or pandering to the jury regarding its size. This ruling does not inhibit counsel or witnesses from explaining that AT&T has different departments that handles different aspects of the corporation's governance and affairs.

The Court **GRANTS** the defendant's tenth motion in limine.

The Court **GRANTS IN PART** defendant's motion in limine number eleven. The Court will allow characterizations on consistency of a witness's statements as long as they are tethered to the evidence.

The Court **GRANTS IN PART** defendant's motion in limine number twelve. Mosley-Lovings counsel and witnesses can discuss AT&T's recordkeeping practices. But the Court concludes framing these issues as a legal violation (when Mosley-Lovings did not and could not plead such a claim) would confuse the jury.

## II.    Witnesses

Mosley-Lovings lists probable witnesses Tammy Mosley-Lovings, Cheryl Brown, Latrice Wright, Cedric Harrington, Joni Hixson (adverse) and Tina Ross, as well as possible witnesses Jason Bunch (adverse), Richard Smith (adverse), Brenda Salas (adverse), Mikishia Pittman, Kim Chargois, Charlotte Brigham, Qusagna Gray, Tomecki Broadnak, and four of Mosley-Lovings's attorney (with the attorneys testifying to attorney's fees if there is a recovery).

AT&T first objected to the testimony of former opt-in plaintiffs now that this case is decertified.  [Doc. No. 238].  Those potential witnesses are Brown, Wright, Harrington, Pittman, Chargois, Brigham, Gray, Broadnak, and Ross.  AT&T also objected to Harrington on the grounds that he might discuss the San Antonio call

center's method of having a team cross check time records against IEX data, which it argues is barred as a subsequent measure under Rule 407.  The Court grants the objection in part.  For reasons more fully explained at the hearing, the Court concludes the testimony of these witnesses is irrelevant and cumulative.  However, the Court will allow Mosley-Lovings to call Harrington and an additional witness as discussed above and in the hearing.  Harrington may be called for the purpose of corroborating Mosley-Lovings''s testimony that AT&T had a policy of using or losing trade time and dissuading employees from reporting overtime.  As explained during the pretrial hearing while discussing the in limine motions, the Court will not allow Harrington or any other witness to discuss how other call centers handle overtime unless AT&T witnesses open the door to such an inquiry by stating that methods of using IEX or CTI data are not feasible.  Accordingly, the Court **SUSTAINS** the objection and excludes the testimony of whichever of Wright and Pittman that Mosley-Lovings does not intend to call.

This ruling necessarily includes exclusion of these witnesses by deposition.

Regarding adverse witnesses Smith and Bunch, the parties have agreed to proceed with Mr. Bunch by way of deposition designation and Mr. Smith by way of remote videoconference.  The Court accepts that agreement.

AT&T next objects to Salas, a former AT&T employee no longer under the control of either party or within the subpoena power of the Court.  The Court sustains this objection and excludes Salas.

Finally, AT&T objects to Mosley-Lovings's counsel as witnesses for attorney's fees at trial.  The Court explained at the pretrial conference it will follow the standard

practice of requiring briefing and an affidavit on attorney's fees within 14 days of a final judgment that provides a monetary recovery.  Accordingly, the Court SUSTAINS the objection and excludes counsel from testifying at trial but will hear their testimony by affidavit at the appropriate time.

AT&T lists the following witnesses as probable: Tiandye Broome, Joni Hixson, Donna Washington, and Tammy Mosley-Lovings.  And it lists the following witnesses as possible: Nancy Gonzales, Randall Ortiz, Richard Smith, and the witnesses on Mosley-Lovings's list.  Mosley-Lovings objected to Tiandye Broome, arguing he was identified on July 28, 2020 in Rule 26(a)(1) disclosures, and the exhibit list expanded the scope of his expected testimony.  The Court at the pretrial conference and again here holds that Mosley-Lovings is entitled to depose Broome before trial.[4]  Accordingly, the Court **OVERRULES** the objection to Broom's testimony.

Regarding the ordering of witnesses, (1) Mosley-Lovings asks that she be allowed to take the stand only once (and have direct and cross in one installment) for COVID concerns, and (2) AT&T seeks to have Hixson take the stand only once for COVID and travel concerns.  The Court is mindful of plaintiff's counsel's desire expressed at the pretrial conference to not have AT&T presenting its case through Hixson during Mosley-Lovings's presentation of her case.  The Court agrees, but this street runs both ways.  The Court will not compel the lawyers to have Mosley-Lovings or Hixson take the stand only once and blur the lines between the cases unless the parties so agree.  The Court is nonetheless mindful of travel concerns and encouraged

---

[4] Also, Harrington was not previously deposed and the Court at the pretrial conference ruled that AT&T could depose Harrington before trial.

the suggestion at the pretrial conference that the plaintiff might have Hixson take the stand on a particular morning and the defense could have her take the stand that afternoon.  Accordingly, the Court **DENIES** the dueling requests for Mosely-Lovings and Hixson to take the stand only once but will honor any reasonable agreement the parties reach.

### III.    Exhibits

Both sides lodged objections to certain proposed exhibits from the other side.

Mosley-Lovings makes the following arguments with regard to proposed AT&T exhibits: (1) only the initial exhibit list was timely and subsequent lists should be struck, (2) some exhibits on an amended list have altered time stamps for emails, (3) an exhibit with purported Department of Labor guidance cannot be authenticated by any witness, and (4) certain contingent exhibits lack a witness to authenticate them.  Regarding the first argument, the Court holds that the amended lists, while untimely, were produced in sufficient time to enable the plaintiff to prepare for trial and result in no prejudice.  Accordingly, the Court **OVERRULES** Mosley-Lovings objection to the AT&T's late-filed exhibits.

Regarding the second argument, counsel for AT&T explained at the pretrial conference that time stamps on the original emails were processed from native files during discovery that defaulted to universal time, and those documents were reprocessed to tie to the central standard time zone they were sent from.  The Court suggested at the pretrial conference and reiterates again that (1) the parties use the original documents, (2) AT&T provide an affidavit from an individual with personal knowledge of the reprocessing to explain why the original emails were in universal

8

time and what the correlating time difference would be, and (3) the parties consider

a stipulation of fact that certain specified exhibits are displayed in universal time and

what the corresponding difference for central time would be.  Accordingly, the Court

**GRANTS** Mosley-Lovings's objection and will await an agreement of the parties on

how to address to the jury the time stamping of the original emails.

Regarding the third argument (on Department of Labor Guidance), the Court

**OVERRULES** the objection at this time but will not allow the exhibit's admission at

trial unless AT&T demonstrates that the Court can take judicial notice of it.  AT&T

should file any such motion by Thursday at 5pm central (not universal) time and

Mosely-Lovings should file any response by Friday at 5pm.  No reply is allowed.

Regarding the fourth argument (regarding a lack of witnesses to authenticate

the exhibits), the Court **DENIES** the objection.  But the Court will not preadmit

AT&T's contingent exhibits that Mosley-Lovings objected to on pages 2–3 of its

objections [Doc. No. 245].[5]  The Court's rulings on witnesses necessarily will render

many of these exhibits irrelevant.  Rather than preview their irrelevance or lack of

authentication, the Court will address those issues as the need arises during trial.

For Mosley-Lovings's proposed exhibits, AT&T objects that: (1) HVD data is

confusing, (2) entire deposition transcripts of witnesses in this case are improper,[6] (3)

entire deposition transcripts of witnesses in the *LaMarr* litigation are improper,[7]

---

[5] The objections to contingent defense exhibits are to defense exhibits 100–03, 109–09, 112–13, 116, 119–24, 130–31, 155, 162–67.

[6] Those transcripts from this case are from the depositions of Cachella Sims, Cheryl Brown, Kimberly Chargois, Latrice Wright, Mikishia Pittman, Tammy Mosley-Lovings, Brenda Mazzawi, Jason Bunch, Richard Smith, and Joni Hixson.

[7] Those transcripts from the *LaMarr* case are from the depositions of Jason Bunch, Jody Garcia, Kathy Messman, Brenda Salas, Lanal Clay, and Shalantha Keyes.

(4) written discovery responses are improper to the extent that responses touch on matters in the motions in limine, (5) plaintiff's exhibit 55 regarding trade time guidelines, and (6) adherence reports of Tomecki Broadnax, Cheryl Brown, and Qusagna Gray.

Regarding HVD data, the Court held in the pretrial conference with regard to AT&T's fifth motion in limine that HVD data is admissible, but AT&T is free to explore its faults with the jury. The Court reaffirms that holding here in **OVERRULING** the objection to HVD data as an exhibit.

Regarding entire deposition transcripts of witnesses in this case, the Court **SUSTAINS** the objection for the reasons articulated in AT&T's objection and at the pretrial conference.

Regarding entire deposition transcripts of witnesses in the *LaMarr* case, the Court **SUSTAINS** the objection for the reasons articulated in AT&T's objection and at the pretrial conference.

Regarding written discovery affected by the limine motions, AT&T argues the responses include content relating to (1) other call centers, (2) other employees' claims, and (3) the rounding rule. The Court granted the limine motions as to other calls centers and employees but not as to the rounding rule. Accordingly, the Court **GRANTS** the objection in part and prohibits these written discovery exhibits from including content the Court's limine rulings prohibit—such as information regarding other call centers and other employees' claims. The Court orders the plaintiff to redact such information from plaintiff's exhibits 39–42 and provide a copy of these exhibits to opposing counsel and the Court by Friday at 5pm.

Regarding plaintiff's exhibit 55 on trade time guidelines, AT&T contends this exhibit is irrelevant as it relates to practices in another call center. The Court agrees and, consistent with its limine ruling, **SUSTAINS** this objection.

Finally, regarding adherence reports of Tomecki Broadnax, Cheryl Brown, and Qusagna Gray, the Court **SUSTAINS** the objection.

### IV.     Deposition Designations

The remaining issue of objections to deposition page/line designations will be resolved by a separate order. The parties submitted deposition page/line designations and objections. But the parties did not provide the Court with the depositions or the specific nature of their objections they ask the Court to rule on. At the pretrial conference, the Court directed the parties by Wednesday at 5pm to submit to the Court the deposition transcripts along with filing objections that demonstrate the nature of the objection and the grounds for it to enable to Court to rule on the objections. The Court in the pretrial conference and this ruling excludes many of the witnesses and deposition testimony that were initially the subject of objections to deposition page/line designations, which will result in fewer depositions and objections at issue.

**IT IS SO ORDERED** this 12th day of August, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE