UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY MOSLEY-LOVINGS, <br> Plaintiff, <br><br> vs. <br><br> AT&T SERVICES, INC., <br><br> Defendants. | §§§§§§§§§§ | CIVIL ACTION NO. 3:18-cv-1145-X |

### RESPONSE TO PLAINTIFF'S MOTION TO RECOGNIZE CERTAIN FACTS ESTABLISHED BY THE PLEADINGS AS JUDICIAL ADMISSIONS

Plaintiff Tammy Mosley-Lovings's Motion to Recognize Facts as Judicial Admissions (Dkt. No. 255) seeks to have certain facts related solely to "Call Center Representatives" put before the jury in a trial that *does not involve a single Call Center Representative*. These facts are irrelevant, confusing, and most importantly, do not qualify as judicial admissions. Because each of the "certain facts" below (other than proposed fact number one) relates to a category of call center employees that are no longer at issue in this case or to a defendant no longer in this case, the Court should deny Plaintiff's Motion.

### BACKGROUND

Plaintiff brought this case as a FLSA collective action on behalf of "call center representatives" at various AT&T call centers in Texas. Am. Compl. ¶ 10 (Dkt. 10). AT&T responded to the Complaint, focusing on the typical roles and responsibilities of "call center representatives" in these call centers—*i.e.*, the employees who take inbound customer calls.

Over the course of discovery, however, it became clear that the named Plaintiff, Tammy Mosley-Lovings, was not a call center representative. Rather, throughout the time period relevant to this lawsuit, Plaintiff worked as a Process Support Team Assistant ("PSTA") at the Fort Worth and Dallas call centers. *See* Mosley-Lovings 30:21–31:12. Unlike the typical call center representative that

takes incoming customer calls, PSTAs directly support management. PSTAs do not take incoming calls. *Id.* 30:21–31:3. Rather, they make outbound calls to customers (known as "manager callbacks"). *Id.* 31:1–10. The goal is for PSTAs to complete manager callbacks within 24 hours, but within that timeframe, PSTAs have control over when to perform these calls. *Id.* 34:12–19, 41:1–15. Plaintiff estimates that she spent approximately 25 percent of her time as a PSTA making outbound manager callbacks. *Id.* 33:17–34:16. In addition to manager callbacks, PSTAs perform various tasks assigned by management that changed from day to day, such as training RMRs, performing peer-to-peer coaching, filling in for absent managers, conducting team meetings, assisting with system problems, and sitting on various committees to provide an RMR's point of view. *Id.* at 31:6–32:9, 42:15–43:17, 105:12–18.

In short, Plaintiff's role at the call center was fundamentally different than the role of the "Call Center Representatives" addressed throughout Plaintiff's collective-action Complaint, and Defendant's Answer.

## ARGUMENT

### A. Plaintiff's Proposed Facts Do Not Qualify as Judicial Admissions.

"'To qualify as a judicial admission, [a] statement must be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based.'" *Freedom Truck Fin., LLC v. Praslin, Inc.*, No. 4:16-CV-755-BJ, 2017 WL 7520607, at *3, n.6 (N.D. Tex. Sept. 21, 2017) (quoting *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 329 (5th Cir. 2001)). At least three of these elements are missing here.

First, Plaintiff's proposed facts do not meet elements two and five. Plaintiff's proposed facts related to the responsibilities and practices of "Call Center Representatives" have nothing to do with Plaintiff's case against AT&T. In order to recover against AT&T, Plaintiff must prove that she, as a

PSTA, worked overtime without pay and that AT&T had knowledge of that time. *See 29 U.S.C. § 207; Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964–65 (5th Cir. 2016); *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). Facts related to *other* employees who worked *other* jobs—or the relationship between AT&T and former defendants no longer in the case—are irrelevant to Plaintiff's case. Thus, the statements are not "contrary to a fact essential to the theory of recovery," nor are they "about a fact on which a judgment for the opposing party can be based." *Id*; *see also GlobeRanger Corp. v. Software AG*, 27 F. Supp. 3d 723, 744 (N.D. Tex. 2014) (doctrine of judicial admissions does not apply because parties "statements are not 'contrary to a fact essential to the theory of recovery"); *True Believers Ink 2, Corp. v. Russell Brands, LLC.*, No. 4:18-CV-00432, 2019 WL 4039888, at *3 (E.D. Tex. Aug. 27, 2019) (statements in pleading were not judicial admissions because they were "not 'contrary to a fact essential to the theory of recovery'") (quoting *Heritage Bank*, 250 F.3d at 329). Because these proposed admissions have no relevance to the questions ultimately before the jury, they do not qualify as judicial admissions.

Second, Plaintiff's proposed facts do not meet element four—that is, giving these admissions conclusive effect does not "meet[] with public policy." *Freedom Truck Fin.,* 2017 WL 7520607, at *3, n.6. "The doctrine is not intended to protect litigants; instead, its purpose is to prevent intentional self-contradiction as a method of gaining an unfair advantage." *See* 6 Handbook of Fed. Evid. § 801:26 (8th ed.) ("The purpose of the rule is to remove the temptation to commit perjury."). Here, this important public policy concern is simply not met. AT&T's answer was filed in a collective action in which multiple AT&T entities were defendants. AT&T's objection is not that these facts are not generally true (subject to qualifications that Plaintiff in some cases excludes from the asserted admission), but that they should not be presented to the jury as judicial admissions as if they are

3

relevant to this case in some sense (which they are not). Accordingly, the public policy reasons for supporting judicial admissions simply are not present.

### B. Plaintiff's Proposed Facts are Irrelevant, Confusing, and Likely Prejudicial

Even if the doctrine of judicial admission applies, the doctrine does not supplant the Court's inherent authority to protect the jury from undue prejudice or confusion resulting from the inclusion of irrelevant—and when out-of-context, misleading—facts. *Cf.* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Because Plaintiff's role at the call center was fundamentally different than that of the "Call Center Representatives" addressed in nearly all of Plaintiff's proposed facts, and because there is a high likelihood that the jury will mistakenly understand the term "Call Center Representative" to apply to Plaintiff, the Court should exclude these irrelevant facts, and at minimum should decline to read the facts to the jury as part of the Court's jury instructions. *See Ware v. Reed*, 709 F.2d 345, 351 (5th Cir. 1983) ("[I]nstruction cannot stand if it has 'a tendency to confuse or to mislead the jury.'")

Each of Plaintiff's proposed facts is addressed below:

1. AT&T Services, Inc. provides billing, payroll, accounts payable, customer remittance, fixed assets record keeping, and GL processing to AT&T Corp., DirectTV, LLC and AT&T Services, Inc. (Answer, AC, ¶ 51).

    **Defendant's Response**: The relationship between AT&T and the former defendants in this case is not at issue; those defendants have been dismissed from the case. Accordingly, this assertion, while AT&T does not dispute it, has nothing to do with this case and can only confuse the jury.

2. Defendant AT&T Services, Inc. possessed the power to hire and fire Call Center Representatives, supervised them and set their work schedule, determined the rate and method

of pay for work performed by them, and maintained employment records for them. (Answer, AC, ¶ 56).

**Defendant's Response**: Facts regarding "Call Center Representatives" are irrelevant to the case as it stands today, against Mosley-Lovings, a PSTA. Moreover, AT&T has stipulated that it is Plaintiff's employer, so these facts, which go towards whether an employment relationship existed between Plaintiff and Defendant, are not relevant to any live issue in this case. Because this fact is confusing, prejudicial, and irrelevant to the questions before the jury, this fact is not a judicial admission, and even if it were, the Court should not present the fact to the jury because the fact has no probative value.

3. Call Center Representatives' duties included speaking via telephone regarding billing and collections issues with current and former customers of internet, television and telephone services. (Answer, AC, ¶ 75.)

    **Defendant's Response**: Facts regarding "Call Center Representatives" are irrelevant to the case as it stands today, against Mosley-Lovings, a PSTA. Because this fact is confusing, prejudicial, and irrelevant to the questions before the jury, this fact is not a judicial admissions, and even if it were, the Court should not present the fact to the jury because the fact has no probative value. Additionally, this assertion implies that speaking via telephone regarding billing and collections issues was the primary duty of Plaintiff. While that would be true of "Call Center Representatives," it is not true as to Ms. Mosley-Lovings, who testified that she did not take inbound customer calls and was only on calls with customers for approximately 25% of her shift.

4. Call Center Representatives were typically scheduled to work for forty (40) hours per week. (Answer, AC, ¶ 76.)

> **Defendant's Response**: Facts regarding "Call Center Representatives" are irrelevant to the case as it stands today, against Mosley-Lovings, a PSTA.  Because this fact is confusing, prejudicial, and irrelevant to the questions before the jury, this fact is not a judicial admissions, and even if it were, the Court should not present the fact to the jury because the fact has no probative value.  Additionally, this assertion is not true as to Ms. Mosley-Lovings, who testified that she worked 40 hours in less than 50% of the weeks at issue in this litigation.  The jury could misunderstand this statement as an admission that Ms. Mosley-Lovings ultimately was scheduled for and worked 40 hours in the typical week, which is not correct.

5. Call Center Representatives typically arrived for work in the morning and began their tours by logging on to their telephones and various computer programs that they used in their duties. (Answer, AC, ¶ 77.)

    **Defendant's Response**: Facts regarding "Call Center Representatives" are irrelevant to the case as it stands today, against Mosley-Lovings, a PSTA.  Because this fact is confusing, prejudicial, and irrelevant to the questions before the jury, this fact is not a judicial admissions, and even if it were, the Court should not present the fact to the jury because the fact has no probative value.  Additionally, this assertion is not true as to Ms. Mosley-Lovings, who often did not log into any "telephone[] or . . . computer program" upon arriving to work.

6. During the time Ms. Mosley-Lovings was employed by AT&T Services, Inc., it was possible that a Call Center Representative could occasionally be on a call with a customer at the scheduled time of the conclusion of his or her shift. (Answer, AC, ¶ 86)

    **Defendant's Response**: Facts regarding "Call Center Representatives" are irrelevant to the case as it stands today, against Mosley-Lovings, a PSTA.  Because this fact is confusing, prejudicial, and irrelevant to the questions before the jury, this fact is not a judicial admissions, and even if it were, the Court should not present the fact to the jury because the fact has no

probative value.  Additionally, this assertion is misleading as to Ms. Mosley-Lovings, who testified that she did not take inbound customer calls and was only on calls with customers for approximately 25% of her shift.

7. Defendant AT&T Services, Inc. has or has had records of the time when the Call Center Representatives, including Ms. Mosley-Lovings, finished calls in which they were involved at the time of and after the end of their scheduled shift times. (Answer, AC, ¶ 99)

    **Defendant's Response**:  First, this purported "admission" grossly misstates the assertion made in Defendant's Answer, which says only that "Defendants admit that AT&T Services, Inc., *in some instances*, has or had records of the time when the Call Center Representatives finished calls in which they were involved at the end of their scheduled tour." (Answer, AC, ¶ 99)  Given that Plaintiff has tried to make an issue of AT&T's records, it would be inappropriate to treat as a judicial admission a fact that implies that AT&T admitted that it *always*, rather than *sometimes*, has records of the time when Call Center Representatives finished calls in which they were involved.  Moreover, Facts regarding "Call Center Representatives" are irrelevant to the case as it stands today, against Mosley-Lovings, a PSTA.  Because Plaintiff was rarely on a call when her shift was scheduled to end, this alleged admission does not apply to her in the way it would apply to other call center representatives.  Because this fact is confusing, prejudicial, and irrelevant to the questions before the jury, this fact is not a judicial admission, and even if it were, the Court should not present the fact to the jury because the fact has no probative value.

<table>
<tr><td>Dated: August 13, 2020</td><td>Respectfully submitted,<br><br>*/s/ Karl Nelson*<br>**KARL NELSON**<br>Texas Bar No. 14900425<br>KNelson@gibsondunn.com<br>**ASHLEY E. JOHNSON**<br>Texas Bar. No. 24067689<br>AJohnson@gibsondunn.com<br>**ANDREW P. LEGRAND**<br>Texas Bar No. 24070132<br>ALeGrand@gibsondunn.com<br>**COLLIN D. RAY**<br>Texas Bar No. 24093013<br>cdray@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2001 Ross Ave., Suite 2100<br>Dallas, TX 75201<br>Tel: (214)698-3100<br>Fax: (214) 571-2900<br><br>**ATTORNEYS FOR DEFENDANTS**</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.

/s/   *Karl. G. Nelson*
Karl G. Nelson
Counsel for Defendants