# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **TAMMY MOSLEY-LOVINGS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:18-cv-1145-X** |
| | § | |
| **AT&T SERVICES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS AND JURY QUESTIONS

Defendant AT&T Services, Inc. ("Defendant") hereby submits the following amended proposed jury instructions and jury questions for the trial in the above-captioned matter. AT&T has indicated by footnote on each instruction where a pattern instruction has been substituted for a previous instruction proposed by one or both of the parties.

Dated: August 13, 2020

Respectfully submitted,

*/s/Ashley E. Johnson*

Karl G. Nelson
   TX Bar No. 14900425
Ashley E. Johnson
   TX Bar No. 24067689
Andrew P. LeGrand
   TX Bar No. 24070132
Collin D. Ray
   TX Bar No. 24093013
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900
KNelson@gibsondunn.com
AJohnson@gibsondunn.com
ALeGrand@gibsondunn.com
CDRay@gibsondunn.com

*Counsel for Defendant AT&T Services, Inc.*

**Defendant's Amended Jury Instruction No. 1:**
**Instruction for Beginning of Trial**[1]

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any in-formation about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do

---

[1]  Fifth Circuit Civil Pattern Jury Instruction § 1.1 (2014) replaces Plaintiff's Proposed Jury Instruction Number 1.

not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit-nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**Defendant's Amended Jury Instruction No. 2:**
**Jury Charge[2]**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be-tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

---

[2]  Fifth Circuit Civil Pattern Jury Instruction § 3.1 (2014) replaces Defendant's Proposed Jury Instruction Number 1 and Plaintiff's Proposed Jury Instruction Number 7.

**Defendant's Amended Jury Instruction No. 3:**
**Burden of Proof**[3]

Plaintiff has the burden of proving her case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely true than not true.

If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on her claim, and you must return a verdict for Defendant.

If you are unable to determine whether any element of Plaintiff's claim has been proved or not proved, then the Plaintiff has failed to carry her burden of proof, and you must return a verdict for Defendant.

It might be helpful to imagine a pair of scales in equal balance.  Imagine that you can put Plaintiff's evidence on one side of the scale and Defendant's evidence on the other side of the scale.  If the scales tip ever so slightly in favor of Defendant, or if the scales are evenly balanced, then Plaintiff has failed to meet her burden of proof.  If the scale tips in favor of Plaintiff, then she has sustained her burden of proof.

---

[3]   A revision of the Fifth Circuit Civil Pattern Jury Instruction § 3.2 (2014) replaces Defendant's Proposed Jury Instruction Number 2 and Plaintiff's Proposed Jury Instruction Number 9.

**Defendant's Amended Jury Instruction No. 4:**
**Evidence[4]**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude an-other fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

[4]  Fifth Circuit Civil Pattern Jury Instruction § 3.3 (2014) replaces Defendant's Proposed Jury Instruction Number 3 and Plaintiff's Proposed Jury Instruction Number 3.

**Defendant's Amended Jury Instruction No. 5:**
**Stipulation of Facts**[5]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

---

[5]  Fifth Circuit Civil Pattern Jury Instruction § 2.3 (2014) replaces Defendant's Proposed Jury Instruction Number 4 and Plaintiff's Proposed Jury Instruction Number 2.

**Defendant's Amended Jury Instruction No. 6:**
**Limiting Instructions**[6]

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

---

[6]  Fifth Circuit Civil Pattern Jury Instruction § 2.6 (2014) replaces Defendant's Proposed Jury Instruction Number 5.

**Defendant's Amended Jury Instruction No. 7:**
**Witnesses[7]**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit-nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

---

[7]  Fifth Circuit Civil Pattern Jury Instruction § 3.4 (2014) replaces Defendant's Proposed Jury Instruction Number 6.

**Defendant's Amended Jury Instruction No. 8:**
**Impeachment by Witness's Inconsistent Statements[8]**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

[8]   Fifth Circuit Civil Pattern Jury Instruction § 2.11 (2014) replaces Defendant's Proposed Jury Instruction Number 7 and Plaintiff's Proposed Jury Instruction Number 6.

**Defendant's Amended Jury Instruction No. 9:**
**Deposition Testimony[9]**

Certain testimony [will now be] [has been] presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circum-stances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the par-ties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers [will be] [have been] [read][shown] to you today. This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you in the same way] as if the witness had been present and had testified from the witness stand in court.

---

[9]  Fifth Circuit Civil Pattern Jury Instruction § 2.13 (2014) replaces Defendant's Proposed Jury Instruction Number 8.

**Defendant's Amended Jury Instruction No. 10:**
**Charts and Summaries**[10]

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

---

[10]   Fifth Circuit Civil Pattern Jury Instruction § 2.7 (2014) replaces Defendant's Proposed Jury Instruction Number 9.

**Defendant's Amended Jury Instruction No. 11:**
**Bias**[11]

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

---

[11] Fifth Circuit Civil Pattern Jury Instruction § 2.16 (2014) replaces Defendant's Proposed Jury Instruction Number 10.

**Defendant's Amended Jury Instruction No. 12:**
**No Inference from Filing Suit**[12]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

---

[12]   Fifth Circuit Civil Pattern Jury Instruction § 3.6 (2014) replaces Defendant's Proposed Jury Instruction Number 11.

**Defendant's Amended Jury Instruction No. 13:**
**Fair Labor Standards Act ("FLSA")**

Plaintiff asserts a claim under the Fair Labor Standards Act, also known as the FLSA. The FLSA is a federal law that provides for the payment of time-and-a-half overtime pay for hours an employee works over 40 hours in a workweek if the employer knows, or should know, that the employee is working without pay in those hours. A "workweek" is a regularly recurring period of seven days or 168 hours. Each workweek stands alone and must be considered separately for purposes of determining whether an employee was not paid overtime pay required by the FLSA.

Plaintiff claims that Defendant did not pay her the overtime pay required by the FLSA. Defendant denies this contention and contends that Plaintiff was paid in accordance with the FLSA.

To succeed on her claim, Plaintiff must prove each of the following essential elements by a preponderance of the evidence:

- *First*, Plaintiff was employed by Defendant during the time period involved in this lawsuit;

- *Second*, Plaintiff was an employee engaged in, or employed by an enterprise engaged in, commerce or in the production of goods for commerce; and

- *Third*, Defendant failed to pay Plaintiff the overtime pay required by the FLSA.

The first two elements are not in dispute. The parties have stipulated, or agreed, that Defendant employed Plaintiff, and that Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Therefore, you only need to determine whether Plaintiff has proved the third element of her claim.

To prove the third element, Plaintiff must establish by a preponderance of the evidence that: (1) she performed work without compensation; (2) that unpaid work occurred in a week in which she worked more than 40 hours; and (3) AT&T knew or should have known that she was working more than 40 hours in that week without pay.

If, after considering all of the evidence, you find that Plaintiff has not proved the third element of her claim, your verdict must be for Defendant.

AUTHORITY:  29 U.S.C. § 207; 5th Cir. Civil Jury Instr. § 11.24 (2014); Mod. Fed. Jury Instr. § 85.3, § 85.9 (2020); Final Jury Charge, *Valcho v. Dal. Cnty. Hospital Dist.*, 3:07-CV-1853-D (Dkt. No. 184) (N.D. Tex. Feb. 28, 2010) (Fitzwater, C.J.); *Olibas v. Native Oilfield Servs., LLC et al.*, 3:11-CV-2388-B (Dkt. No. 226) (Aug. 5, 2014) (Boyle, J.).

**Defendant's Amended Jury Instruction No. 14:**
**FLSA Third Element – Performed Uncompensated Work**

To prevail on an overtime claim, Plaintiff must first demonstrate that she has performed work for which she alleges she was not compensated.  Plaintiff satisfies this burden if she proves that (1) she has performed overtime work for which she was improperly compensated and (2) if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

An employee's estimate of overtime claimed to have been worked that is based solely on her memory is insufficient to meet the burden of proof.  Thus, an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference.

AUTHORITY:  *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)); *Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 374 (5th Cir. 2014); *Kirk v. Invesco, Ltd.*, 700 F. App'x 334, 336–37 (5th Cir. 2017); *Pittard v. Red River Oilfield Servs., LLC*, No. 4:15-CV-3753, 2017 WL 6498336, at 3–4 (S.D. Tex. Dec. 15, 2017).

**Defendant's Amended Jury Instruction No. 15:**
**FLSA Third Element – 40 Hour Requirement**

The FLSA only requires employers to pay overtime compensation for time worked beyond 40 hours in a workweek.  Put differently, if Plaintiff does not work more than 40 hours in a week, then she has no claim for overtime pay under the FLSA, even if she claims she was not paid for certain hours of work.

To prevail on her claim, Plaintiff must prove by a preponderance of the evidence that she worked over 40 hours within a workweek without overtime compensation.

AUTHORITY:  29 U.S.C. § 207(a)(1); 5th Cir. Civil Jury Instr. § 11.24 (2014); Mod. Fed. Jury Inst. § 85.9 (2020); Final Jury Charge, *Portillo v. Kincaid, Inc. et al.*, 3:18-CV-1759-C (Dkt. No. 81) (Jan. 7, 2020) (Cummings, J.); *Faludi v. U.S. Shale Sols., L.L.C.*, 936 F.3d 215, 218 (5th Cir. 2019); *Wilson v. Navika Capital Grp., LLC*, No. 4:10-CV-1569, 2014 WL 223211, at *9 (S.D. Tex. Jan. 17, 2014).

**Defendant's Amended Jury Instruction No. 16:**
**FLSA Third Element – Actual or Constructive Knowledge**

To prevail on her claim, Plaintiff must prove by a preponderance of the evidence that Defendant had actual or constructive knowledge that she was working hours beyond 40 hours in a workweek for which she was not being paid.  Constructive knowledge exists if, by exercising reasonable diligence, Defendant would become aware that Plaintiff was working beyond 40 hours in a workweek without receiving pay for that time.

An employer's access to information, such as phone or computer log-on and log-off data, does not prove the employer knew or should have known that the employee was working overtime without pay.  The fact that an employer has access to information may mean that the employer could have known that the employee was working, but the question is whether the employer actually did know or should have known.

If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the work is not a violation of the FLSA.

If an employee turns in time records that do not include time worked beyond her shift, and the employee does not prove that the employer should have known that the employee worked more time than claimed on her time records, the employee has not proved that she is entitled to overtime pay.  The law provides that the employee is estopped, that is, she is prevented, from claiming that she worked more than the time she claimed in her time records.

AUTHORITY:  5th Cir. Civil Jury Instr. § 11.24 (2014); O'Malley, Grenig & Lee, Fed. Jury Prac. & Instr. § 175:20 (6th ed.); *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964–65 (5th Cir. 2016); *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009); Final Jury Charge, *Valcho v. Dal. Cnty. Hospital Dist.*, 3:07-CV-1853-D (Dkt. No. 184) (N.D. Tex. Feb. 28, 2010) (Fitzwater, C.J.); Final Jury Charge, *Portillo v. Kincaid, Inc. et al.*, 3:18-CV-1759-C (Dkt. No. 81) (Jan. 7, 2020) (Cummings, J.).

### Defendant's Amended Jury Instruction No. 17:
### FLSA Third Element – Employer's Right to Require Employees to Follow its Procedures for Claiming Overtime

An employer is entitled to set a process that employees must follow to report overtime.  An employer also has the right to require an employee to adhere to its procedures for claiming overtime and to pay employees for overtime when it is reported in compliance with that policy. An employee has a duty to notify her employer when she is working overtime.  Accordingly, if an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process.

When an employee reports overtime on some occasions in accordance with the employer's time-reporting policy and is paid for that reported time, the employer is entitled to believe that the employee was accurately reporting her overtime hours worked.

AUTHORITY:  5th Cir. Civil Jury Instr. § 11.24 (2014); O'Malley, Grenig & Lee, Fed. Jury Prac. & Instr. § 175:20 (6th ed.); *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964–65 (5th Cir. 2016); *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 459 (5th Cir. 2009); *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 855, 863–64, 870 (S.D. Tex. 2014); *Uhler v. Galesi Management Corp.*, No. CIV.A.3:98-CV-0005-L, 1999 WL 20949, at *5 (N.D. Tex. Jan. 8, 1999); *Novick v. Shipcom Wireless, Inc.*, No. 16-CV-0730, 2016 WL 9308201, at *6 (S.D. Tex. Nov. 22, 2016).

**Defendant's Amended Jury Instruction No. 18:**
**FLSA Third Element – Exception Timekeeping**

"Exception timekeeping" is a system under which employees are presumptively paid for their scheduled shifts and required to report any variances in actual time worked.   Exception timekeeping policies are a lawful means of tracking and paying overtime.

AUTHORITY:  *Newton v. City of Henderson*, 47 F.3d 746, 748–49 (5th Cir. 1995); *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964–65 (5th Cir. 2016);

**Defendant's Amended Jury Instruction No. 19:**
**FLSA – De Minimis Time**

If you find that Plaintiff has proved by a preponderance of the evidence that she has performed some amount of unpaid overtime work, then you must turn to the question of *de minimis* time.

Under the *de minimis* rule, an employer is not liable for failing to compensate an employee when the matter in issue concerns only a few seconds or minutes of work beyond scheduled hours, as this time is considered *de minimis* time. It is only when an employee is required to give up a substantial measure of her time and effort that compensable working time is involved. There is no precise amount of time that may be denied compensation as *de minimis*, but daily periods of approximately 10 to 15 minutes have found to be *de minimis*.

If you find that the unpaid overtime work performed by Plaintiff was *de minimis*, you must return a verdict in favor of Defendant.

AUTHORITY:  29 C.F.R. § 785.47 ("[I]nsubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded."); Final Jury Charge, *Valcho v. Dal. Cnty. Hospital Dist.*, 3:07-CV-1853-D (Dkt. No. 184) (N.D. Tex. Feb. 28, 2010) (Fitzwater, C.J.) ("[A]n employer is not liable for failing to compensate an employee when the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours. It is only when an employee is required to give up a substantial measure of her time and effort that compensable working time is involved."); *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 414 (5th Cir. 2011) ("It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved."); *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 517, 520 (E.D. Tex. 2005) (granting summary judgment because plaintiffs' alleged overtime of "ten to fifteen minutes" per shift was *de minimis*); *Stuntz v. Ashland Elastomers, LLC*, No. 1:14-CV-00173-MAC, 2019 WL 1212450, at *8 (E.D. Tex. Feb. 22, 2019), *report and recommendation adopted*, No. 1:14-CV-00173-MAC, 2019 WL 1207939 (E.D. Tex. Mar. 14, 2019) (15 minutes "would be considered *de minimis* because it constitutes only 2% of the entire work shift"); *Pressley v. Sanderson Farms, Inc. (Processing Div.)*, No. Civ. A H-00-420, 2001 WL 850017, at *3 (S.D. Tex. Apr. 23, 2001) (variety of tasks requiring 10 to 12 and 3 to 4 minutes each *de minimis*), *aff'd*, 33 F. App'x 705 (5th Cir. 2002); *Von Friewalde*, 339 F. App'x at 454 ("Most courts have found daily periods of approximately 10 minutes *de minimis* even though otherwise compensable.").

**Defendant's Amended Jury Instruction No. 20:**
**FLSA – Damages**

If you find that Plaintiff has proved her claim by a preponderance of the evidence, then you must turn to the question of damages.  You should not interpret the fact that I am giving instructions about Plaintiff's damages that I have any opinion as to whether Plaintiff has proved her claim.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant violated the FLSA and that Plaintiff is entitled to recover money from Defendant.

Plaintiff has the burden of proving damages by a preponderance of the evidence.  It is for you to determine what damages, if any, have been proved.  Any award of damages must have a reasonable basis in the evidence.  You may not award damages based on sympathy, speculation, or guesswork.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant.

The FLSA provides that Plaintiff should receive damages in the amount of her unpaid overtime compensation.  The measure of damages is the difference between what Plaintiff should have been paid under the FLSA and the amount that she was actually paid.

In calculating damages, each workweek must be considered separately.  To calculate the number of unpaid overtime hours, you must follow a two-step process:  First, for each workweek in the applicable period, you must decide whether Plaintiff worked in excess of 40 hours without compensation during that workweek.  Second, for each workweek in which Plaintiff worked in excess of 40 hours without compensation, you then must decide the number of hours that Plaintiff worked in excess of 40 hours without compensation for that workweek.

Plaintiff's pay rate for each time period in question is not disputed.  Therefore, if you determine that Plaintiff was not compensated for working a certain number of overtime hours, the court will compute, based on your answers, the amount of unpaid compensation that Plaintiff is entitled to recover.

AUTHORITY:  29 U.S.C. §216(b); 5th Cir. Civil Pattern Jury Instr. § 15.1 (2014); Mod. Fed. Jury Instr. § 85.32 (2020); O'Malley, Grenig, & Lee, Fed. Jury. Prac. & Instr. Civil Comp HB § 18:1; Final Jury Charge, *Valcho v. Dal. Cnty. Hospital Dist.*, 3:07-CV-1853-D (Dkt. No. 184) (N.D. Tex. Feb. 28, 2010) (Fitzwater, C.J.) (court instructed the jury to determine only the number of

unpaid hours worked beyond 40 hours in a workweek, and then the court computed the amount of unpaid compensation owed to plaintiff based on the undisputed pay rate).

**Defendant's Amended Jury Instruction No. 21:**
**Jury Deliberations; Notes[13]**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

---

[13]   Fifth Circuit Civil Pattern Jury Instruction § 3.7 (2014) replaces Defendant's Proposed Jury Instruction Number 21 and Plaintiff's Proposed Jury Instruction Number 8.

## DEFENDANT'S AMENDED JURY QUESTIONS

Your verdict in this case will be determined by your answers to the following questions.  Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.

**1.      Has Plaintiff proved by a preponderance of the evidence that she performed work in excess of 40 hours in a workweek without pay?**

_____YES          _____NO

NOTE: If you answered "NO" to Question No. 1, this ends your deliberation, and your foreperson should sign and date the last page of this verdict form.  If you answered "YES" to Question No. 1, please proceed to the next question.

**2.      Has Plaintiff proven by a preponderance of the evidence that Defendant knew or should have known that Plaintiff worked in excess of 40 hours in a workweek without being paid for such time?**

_____YES          _____NO

NOTE: If you answered "NO" to Question No. 2, this ends your deliberation, and your foreperson should sign and date the last page of this verdict form.  If you answered "YES" to Question No. 2, please proceed to the next question.

**3.      Are you convinced by a preponderance of the evidence that any time worked by Plaintiff in excess of 40 hours in a workweek without pay was more than *de minimis*?**

_____YES          _____NO

NOTE: If you answered "NO" to Question No. 3, this ends your deliberation, and your foreperson should sign and date the last page of this verdict form.  If you answered "YES" to Question No. 3, please proceed to the next question.

**4.      State the amount of time that Plaintiff worked in excess of 40 hours without pay within each workweek from May 4, 2015 to March 14, 2018.  You should only include time that Defendant knew or should have known Plaintiff worked in excess of 40 hours in a workweek without being paid.  Answer in hours and minutes in the spaces provided below.   Answer separately as to each workweek.**

| Workweek Beginning Date | Number of Unpaid Hours Worked in Excess of 40 Hours |
|---|---|
| May 4, 2015 | |

| | |
|---|---|
| July 13, 2015 | |
| August 3, 2015 | |
| August 17, 2015 | |
| September 14, 2015 | |
| October 5, 2015 | |
| October 12, 2015 | |
| October 26, 2015 | |
| November 2, 2015 | |
| November 9, 2015 | |
| December 7, 2015 | |
| January 4, 2016 | |
| January 25, 2016 | |
| February 22, 2016 | |
| March 28, 2016 | |
| April 4, 2016 | |
| April 18, 2016 | |
| April 25, 2016 | |
| June 13, 2016 | |
| July 18, 2016 | |
| August 15, 2016 | |
| September 26, 2016 | |
| October 10, 2016 | |
| October 24, 2016 | |
| December 12, 2016 | |

| | |
|---|---|
| January 9, 2017 | |
| February 6, 2017 | |
| October 23, 2017 | |
| September 28, 2015 | |

**Total Number of Unpaid Hours Worked in Excess of 40 hours**: _____

Please have your foreperson sign and date this form and turn it in because you have completed your deliberations.

_____          _____

Date                                                    Jury Foreperson