UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| TAMMY MOSLEY-LOVINGS, Individually and on Behalf of All Others Similarly Situated, §§§§<br><br>*Plaintiffs*, §§<br><br>v. §§<br><br>AT&T CORP.; AT&T INC. and SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC, a/k/a AT&T SOUTHWEST, AT&T SERVICES, INC. and DIRECTTV LLC, §§§§§§§§§<br><br>*Defendants*. §§ | Civil Action No. 3:18-CV-01145-X |

### ORDER

    AT&T Services Inc. (AT&T) filed a motion [Doc. 282], asking for clarification of the Court's ruling [Doc. 260] on AT&T's motions in limine numbers 1 and 2. Mosley-Lovings filed a timely response [Doc. 284].

    Regarding their first motion in limine, AT&T points out that the Court denied this motion, but subsequently discussed its ruling on the first motion in limine as if the Court had granted it. Mosley-Lovings argues that it would be inconsistent for the court to grant the motion with the caveat of allowing Mosley-Lovings to give evidence of other call centers' practices if AT&T opens the door. The Court disagrees with Mosley-Lovings and revises its ruling on the defendants' first motion in limine. The Court **GRANTS** defendant's first motion in limine, and all evidence of the timekeeping practices at call centers outside of Dallas and Fort Worth is excluded unless one of AT&T's witnesses testifies that it would not be feasible

to have tracked employees' work time using the IEX, CTI, or HVD digital systems.

Regarding their sixth motion in limine, AT&T asks the court to clarify its ruling and argues that evidence of spoliation and findings of spoliation must be heard and found by the Court outside of the jury's presence. AT&T supports its contentions with case law. Mosley-Lovings argues *sans* case law that this would contradict the Court's earlier ruling.

The Court **ORDERS** the plaintiff to file a motion no later than 5pm Sunday, Aug 16. The plaintiff must attach evidence supporting a spoliation and/or adverse inference instruction. AT&T must respond no later than 5pm on Monday, Aug 17. The Court will rule on the motion before opening statements.

**IT IS SO ORDERED** this 16th day of August, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

2