UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAMMY MOSLEY-LOVINGS, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | §     CIVIL ACTION NO. 3:18-cv-1145-X |
| | § |
| AT&T SERVICES, INC., | § |
| Defendant. | § |
| | § |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW**

Because Plaintiff Tammy Mosley-Lovings ("Plaintiff") has failed to meet her burden to produce substantial evidence sufficient to support her claim, Defendant AT&T Services, Inc. ("AT&T") respectfully asks the Court to grant judgment as a matter of law under Federal Rule of Civil Procedure 50(a).

Judgment as a matter of law is proper where, as here, "a party has been fully heard on an issue during a jury trial," and "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *See* Fed. R. Civ. P. 50(a)(1). "To survive a Rule 50 motion, 'the party opposing the motion must at least establish a conflict in *substantial evidence* on each essential element of their claim.'" *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1039 (5th Cir. 2011) (emphasis added). In other words, the nonmovant must provide "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc), *overruled on other grounds, Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331 (5th Cir. 1997) (en banc). In considering a Rule 50 motion, the Court should "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Reeves v. Sanderson*

*Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (citation and quotation omitted). A failure of proof on any essential element of a plaintiff's claim is grounds for judgment in favor of the defendant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## ARGUMENT

To reach the jury with her unpaid overtime claim, Plaintiff must produce sufficient evidence to support reasonable findings that: (1) she performed work without compensation; (2) that unpaid work occurred in a week in which she worked more than 40 hours; and (3) AT&T knew or should have known that Plaintiff was working more than 40 hours in a given week without pay. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005); *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). Even if the jury finds that Plaintiff has proved all three elements, the jury still must return a verdict for AT&T if the work performed was *de minimis*. *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964–65 (5th Cir. 2016).

Judgment as a matter of law is warranted here for four separate and independent reasons. First, Plaintiff has failed to produce evidence distinguishing the timekeeping practices that applied to her from the exception timekeeping policies that have repeatedly been found lawful by the Fifth Circuit. Second, Plaintiff has failed to provide substantial evidence establishing each of the essential elements of her unpaid overtime claim. Third, the undisputed evidence shows that her claimed unpaid overtime is, at most, *de minimis*. And fourth, Plaintiff has failed to produce evidence sufficient to determine her alleged damages.

## I. Plaintiff Has Failed to Produce Evidence Distinguishing AT&T's Exception Timekeeping Practice From Those Found Lawful Under Controlling Fifth Circuit Precedent

Binding Fifth Circuit precedent establishes that exception timekeeping practices—such as AT&T's here—are lawful. *See Fairchild*, 815 F.3d at 964–65; *Newton*, 47 F.3d at 748. And Plaintiff has produced no evidence to distinguish AT&T's system from those endorsed by that binding precedent.

Defendant's Memorandum of Law in Support of its Motion for Judgment as a Matter of Law  –
Page 2

An employer is entitled to establish a reasonable process by which employees must report time worked outside their established schedule.  An employer also has the right to require an employee to follow its procedures for reporting overtime and to rely on such procedures to pay employees for overtime as reported in compliance with that policy.  *Newton*, 47 F.3d at 748–49; *Fairchild*, 815 F.3d at 964–65; *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 459 (5th Cir. 2009); *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 855 (S.D. Tex. 2014).  When such a policy is in place, an employee has a duty to notify her employer when she is working overtime.  *Newton*, 47 F.3d at 748.  "If an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process." *Nieddu*, 38 F. Supp. 3d at 863–64.

The undisputed evidence establishes that AT&T tracked and paid overtime through a lawful exception time reporting policy similar to those in *Fairchild* and *Newton*.  Under AT&T's clear policy, employees were to report, and AT&T paid, all overtime worked, explicitly including any extra time worked "after scheduled hours" and "during lunch periods." *See* Pl.'s Ex. 12 (Reporting Time Worked Policy).  Plaintiff admittedly knew of her duty to report any unscheduled time, knew how to do so, and on occasions reported such time.  *See* Tr. 501:22–502:4.

Plaintiff has failed to produce substantial evidence distinguishing AT&T's exception timekeeping policy from similar policies found lawful across the Fifth Circuit.  At most, Plaintiff has simply professed a belief that AT&T's adherence policy was a disincentive to report time worked outside her scheduled shift, *id.* at 558:3–16, but that assertion is unsupported and wrong.  Plaintiff admitted that her job duties did not involve taking incoming customer calls, *id.* at 253:24–254:7, and as such adherence measurements were of no relevance to her position.  *See id.* at 755:4–762:25 (Plaintiff's repeated admissions during cross-examination that adherence was not a relevant metric on her 2016 performance evaluation); Pl.'s Ex. 56 at 73–78 (noting in Plaintiff's 2016 performance

evaluation that adherence was "N/A" and never affected her opportunities); *see also* 8/20/2020 Rough Tr. at 79:14–19 (Joni Hixson's testimony that because Plaintiff did not take incoming customer calls during the relevant time, adherence was not relevant to her position).

Nor has Plaintiff established that this is an instance in which "an employer . . . armed with [knowledge that an employee is working overtime] . . . stand[s] idly by and allow[s] [her] to perform overtime work without proper compensation." *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); *see also* ECF 227 at 8–9 (describing this as the "if you see it, you must pay it rule"). The single piece of purportedly direct evidence of AT&T's knowledge of Plaintiff's unreported time is an email from Plaintiff to Donna Washington on December 14, 2017, stating, "Hey can I use trade time I had from last week for this week to leave early?" Tr. 108:4–7. But as Plaintiff admitted during cross-examination, the week referenced in this email in which the trade time was allegedly earned— the week of December 4, 2017—was a week in which she only worked 32 hours. *Id.* at 119:15–121:13. Donna Washington further testified that as the attendance manager, she had no responsibility for coding trade time and that in any event she could not have acted on Plaintiff's email that identified neither the day nor amount of alleged trade time, nor did it indicate that Plaintiff did not intend to report the time through normal channels.. *See* 8/20/2020 Rough Tr. 232:3–234:3. So this email could not reasonably alert AT&T to any unpaid overtime, and Plaintiff lacks any other credible evidence establishing that AT&T had notice that Plaintiff was working overtime that she would fail to properly report.

AT&T had a right to require Plaintiff to report her unscheduled work according to its lawful and simple procedures and the right to assume that she was following those procedures. *See Novick v. Shipcom Wireless, Inc.*, 16CV0730, 2016 WL 9308201, at *6 (S.D. Tex. Nov. 22, 2016); *see also Fairchild*, 815 F.3d at 964–65; *Newton*, 47 F.3d at 748; *Nieddu*, 38 F. Supp. 3d at 855. Under such facts, AT&T

cannot be liable for Plaintiff's failure to report her overtime hours in compliance with a lawful exception timekeeping policy. *Nieddu*, 38 F. Supp. 3d at 863–64.

## II. Plaintiff Has Failed to Offer Evidence Creating a Legally Sufficient Basis for the Jury to Find that She Has Met Any of the Elements of Her Claim

### A. No reasonable jury could find that Plaintiff has sufficiently proved the amount and extent of the work she allegedly performed without compensation

To prevail on an overtime claim, an employee must "show the amount and extent of the work he claims he was not compensated." *Pittard v. Red River Oilfield Services, LLC*, 4:15-CV-3753, 2017 WL 6498336, at *3 (S.D. Tex. Dec. 15, 2017) (citing *Harvill*, 433 F.3d at 441). An employee has met her requisite burden of proof if she proves she "has performed work for which [she] alleges [she] was not compensated" and the amount and extent of such work "as a matter of just and reasonable inference." *Id.* (quoting *Harvill*, 433 F.3d at 441). Although the "[e]vidence of the hours worked does not have to be 'perfectly accurate,'" it must "provide[] 'a sufficient basis to calculate the number of hours worked.'" *Lopez v. Reliable Clean-Up & Support Servs., LLC*, No. 3:16-CV-2595-D, 2018 WL 3609271, at *14 (N.D. Tex. July 27, 2018) (quoting *Marshall v. Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979) (per curiam)).

Plaintiff has failed to provide substantial evidence proving her naked claim that she worked 9 to 15 minutes of unreported overtime every day. Although she gave self-serving testimony about her purported unpaid overtime, Plaintiff's "mere 'unsubstantiated assertions'" are insufficient as a matter of law to meet her burden. *Kirk v. Invesco, Ltd.*, 700 F. App'x 334, 336–37 (5th Cir. 2017). Tiandye Broome testified that Plaintiff's records of computer and phone activity do not corroborate her assertions because the records do not indicate how many minutes she actually worked. *See id*; *Pittard*, 2017 WL 6498336, at *4. And in light of the undisputed evidence that Plaintiff knew how to report her time and did so on some occasions, there is no legally sufficient basis for the jury to credit Plaintiff's implausible claims that she sporadically failed to report her overtime on other occasions.

Defendant's Memorandum of Law in Support of its Motion for Judgment as a Matter of Law — Page 5

Additionally, Plaintiff cannot meet her burden by pointing to time allegedly worked by other, incoming call center employees, particularly given the fundamental differences between Plaintiff's job duties and those of other employees in the call centers in which she worked. Because Plaintiff failed to present any competent evidence substantiating that she performed work without compensation, "a reasonable jury would not have a legally sufficient evidentiary basis to find for [her] on th[is] issue." Fed. R. Civ. P. 50(a)(1).

      **B.**      **No reasonable jury could find that Plaintiff has established particular weeks during which she worked in excess of forty hours without overtime compensation**

The FLSA requires employers to pay overtime compensation only for time worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). Put differently, if an employee does not work more than 40 hours in a week, then she has no claim for overtime pay under the FLSA, even if she claims she was not paid for certain hours of work. Accordingly, an employee must prove that she "worked over forty hours within a workweek without overtime compensation" to prevail on an FLSA overtime claim. *Wilson v. Navika Capital Grp., LLC*, No. 4:10-CV-1569, 2014 WL 223211, at *9 (S.D. Tex. Jan. 17, 2014).

Plaintiff failed to offer *any* proof regarding the vast majority of the weeks within the relevant time period. Rather, Plaintiff has narrowed her claim to asserting that she worked over 40 hours in only 26 possible weeks. *See* Tr. 39:19-21. Yet even within that narrowed focus, neither Plaintiff's testimony nor the testimony of any other witness substantiated even this claim. Plaintiff's testimony highlighted sporadic facts about her work schedule during those weeks, including that she worked forty hours during the week of October 24, 2016, *id.* at 504:20–520:7, that she had 20 minutes of overtime on two unspecified days between August 16, 2015 and August 29, 2015, *id.* at 521:20–524:1, and that she reported some overtime during the weeks of September 27, 2015 to October 10, 2015, *id.* at 524:5–20. But none of that evidence demonstrates that *Plaintiff actually worked unpaid time in excess*

Defendant's Memorandum of Law in Support of its Motion for Judgment as a Matter of Law  –
Page 6

*of 40 hours in any particular week.*

Beyond this, Plaintiff offered into evidence a collection of CCAP reports and IEX data from the 26 weeks. *See* Pl.'s Exs. 1, 4. But the jury was told nothing about Plaintiff's actual hours worked during those weeks, any trade time or flex time used, any tardies or other schedule deviations that shortened Plaintiff's hours worked, or any overtime actually paid during those weeks. Nor has Plaintiff provided the jury with the information it would need to reasonably interpret the various forms and data sources, much less a basis from which to manually compute Plaintiff's actual hours worked during the weeks in question. Merely throwing a collection of unexplained CCAP forms and raw IEX data into evidence fails to provide the jury a factual foundation from which it can reasonably conclude that Plaintiff actually worked unpaid time in excess of 40 hours in any of the isolated 26 weeks in question. Accordingly, no reasonable juror could find that Plaintiff provided the evidence necessary to prove particular weeks in which she worked unpaid overtime in excess of 40 hours.

### C. No reasonable jury could find that AT&T knew or should have known that Plaintiff worked unreported overtime during the relevant weeks

An employer is not obligated to pay overtime when it has no knowledge that such work was performed. *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). Accordingly, in order to prove her overtime claim, Plaintiff must produce evidence sufficient to establish that AT&T knew or should have known that she performed overtime work without pay. *Id.*

Plaintiff's evidence is legally insufficient to prove that AT&T had knowledge of her alleged unreported overtime in excess of 40 hours in the weeks in question. Although Plaintiff implied that AT&T might have pieced together extraneous data from its computer and telephone systems to determine her overtime hours, this evidence falls short because "mere 'access' to" computer log-on and log-off data is insufficient as a matter of law to establish knowledge of unpaid off-the-clock work.

Defendant's Memorandum of Law in Support of its Motion for Judgment as a Matter of Law – Page 7

*See Fairchild*, 815 F.3d at 965 (citation omitted); *see also* ECF 220 at 7 (ruling that this data is "legally insufficient to establish actual or constructive knowledge").[1]

Likewise, Plaintiff's evidence purportedly establishing that her supervisor *could have* known that she was working overtime that she might choose not to report is too implausible to support a reasonable finding of knowledge. Plaintiff admits that it was never the case that she actually reported time to her supervisor for which she was not paid.[2] And Plaintiff admits that her supervisor was not always present in the call center when she was allegedly performing work outside her scheduled shift. She also admits that she sometimes reported her overtime in compliance with AT&T's timekeeping policy. *See* Tr. 501:22–502:4. So even if Plaintiff's supervisor were present, and assuming that she actually saw Plaintiff at her station and knew she was working beyond her eight-hour shift on a day during the particular weeks relevant here—*none* of which has been demonstrated—that still would be insufficient to establishes that her supervisor *also* knew that Plaintiff was *working* during those times, much less that she also knew that Plaintiff would fail to report her time worked as required and as Plaintiff in fact did on other occasions.

Moreover, by Plaintiff's own admission, the Dallas call center had over one hundred employees, *id.* at 595:13–15, and supervisors had responsibility for many of those employees at any given time, 8/20/2020 Rough Tr. 153:16–21 (Joni Hixson's testimony that managers oversaw on average 18 employees at one time). Those employees could modify their schedules through the use of trade time, flex time, or by shifting the start and end times of their breaks. *See* Tr. 580:21–22, 583:2–10; 8/20/2020 Rough Tr. 153:3–15. And they were also scheduled for unpaid lunch breaks of varying

---

[1] Likewise, as noted above, Plaintiff's misdirected December 14, 2017 email asking Donna Washington about unspecified, allegedly unused trade time could not have placed AT&T on notice of supposed unpaid overtime where nothing on its face suggests that Plaintiff would not report the time for payment as required by AT&T's policy and, in any event, the alleged time fell during a week when Plaintiff worked substantially fewer than 40 hours.

[2] As of the filing of this motion, AT&T lacks a full transcript of the testimony that occurred on August 18, 2020. As can be seen by comparing the testimony occurring before and after transcript page 526, the latter half of Plaintiff's direct examination of Ms. Mosley-Loving's and the first half of AT&T's cross-examination of Plaintiff are missing. Accordingly, AT&T is limited in its ability to provide the Court with all relevant transcript citations with this filing.

lengths. As Plaintiff admitted, sometimes her lunch break was scheduled for 30 minutes and other times it was scheduled for one hour. Tr. 581:1–3. So if a supervisor observed Plaintiff working around the time of a lunch break, it would not be obvious whether Plaintiff was working outside her schedule or simply had a shorter lunch break on that day. Likewise, if a supervisor saw Plaintiff working briefly past her regular shift end, it would not be apparent whether Plaintiff had "flexed" her schedule for that day. For these and other reasons, the end of Plaintiff's lunch break and workday could vary for reasons completely independent of whether she was performing additional work. Given so many variable elements on any given day, no reasonable juror could conclude from the evidence that a supervisor who oversaw many employees simultaneously, all of whom could vary their schedules on a daily basis, would recognize that a particular employee on a particular day was working additional time beyond her normal eight hours simply by observing her at her workstation outside her "normal" work schedule.

Because Plaintiff has failed to produce "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions" to whether AT&T knew that Plaintiff was working overtime hours for which she would not be paid, AT&T is entitled to judgment as a matter of law. *Boeing*, 411 F.2d at 374–75.

### III. Plaintiff Has Failed to Offer Evidence Creating a Legally Sufficient Basis for the Jury to Find that Any Purportedly Unpaid Overtime Is Not *De Minimis* and Therefore Unrecoverable

The Court should also grant judgment as a matter of law that Plaintiff's purportedly unpaid overtime is *de minimis* and unrecoverable. Under the FLSA, an employer is not required to pay overtime for work that is otherwise compensable when it concerns "only a few seconds or minutes of work beyond the scheduled working hours." *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 454 (5th Cir. 2009); *see also* 29 C.F.R. § 785.47. "It is only when an employee is required to give up a *substantial measure* of his time and effort that compensable working time is involved."

*Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 414 (5th Cir. 2011) (emphasis added) (internal citation and quotation marks omitted). Periods of 10 to 15 minutes per shift are generally considered to be *de minimis*. *See Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 517, 520 (E.D. Tex. 2005).

Even if Plaintiff's unsubstantiated estimation of her unpaid time worked constituted sufficient evidence that she performed various tasks that took an average total of nine minutes past the end of her scheduled shift and five to six minutes into her lunch break, such time would fall within the 10-to 15-minute range that courts have deemed *de minimis*. And that conclusion is further reinforced by the fact that Plaintiff is claiming unpaid overtime for a only a handful of minutes scattered across a few sporadic weeks during the relevant period, and when Plaintiff's alleged tasks—including completing customer calls and performing various follow-up activities after logging out of the phone system—are viewed separately.

Thus, the small increments of alleged additional, unreported time Plaintiff now claims to have worked are *de minimis* and not compensable under the FLSA.

## IV. Plaintiff Has Failed to Offer Evidence Creating a Legally Sufficient Basis for the Jury to Find that Plaintiff Has Proved Her Damages

Finally, this Court should grant judgment as a matter of law that Plaintiff has not proved "the amount of . . . [her] unpaid overtime compensation." 29 U.S.C. § 216(b). Plaintiff utterly failed to produce the evidence a reasonable juror would need to establish the value of her purportedly unpaid overtime, including the total amount of unpaid time she claimed and evidence that the unpaid time occurred in a week in which Plaintiff worked more than 40 hours. *See* 29 U.S.C. § 207. In the light of the total absence of facts necessary for the jury to make a damages calculation, judgment as a matter of law is warranted for AT&T on this issue.

## CONCLUSION

For all of these reasons, Defendant asks the Court to grant judgment as a matter of law on Plaintiff's claim.

Dated:  August 21, 2020

Respectfully submitted,

/s/ Ashley E. Johnson

Karl G. Nelson
  TX Bar No. 14900425
Ashley E. Johnson
  TX Bar No. 24067689
Andrew P. LeGrand
  TX Bar No. 24070132
Collin D. Ray
  TX Bar No. 24093013
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900
KNelson@gibsondunn.com
AJohnson@gibsondunn.com
ALeGrand@gibsondunn.com
CDRay@gibsondunn.com
*Counsel for Defendant AT&T Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.

*/s/ Ashley E. Johnson*
Ashley E. Johnson
Counsel for Defendant