UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY MOSLEY-LOVINGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:18-cv-1145-X |
| | § | |
| AT&T SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT AT&T SERVICES, INC.'S OBJECTIONS TO COURT'S CHARGE TO THE JURY

Defendant AT&T Services, Inc. ("AT&T") respectfully submits the following objections to the Court's Charge to the Jury. AT&T incorporates its amended proposed jury instructions and all authority cited therein (Dkt. 271) by reference as if cited fully herein.

### AT&T's Objections to the Court's Jury Instructions

Liability Instruction on Element One (Performed Uncompensated Work):

AT&T objects to the Court's instruction related to the first prong of Plaintiff's claim—i.e., that Plaintiff must prove that she performed work for which she was not compensated. *See* Court's Charge to the Jury, at 10. This instruction is incomplete because it fails to instruct the jury that Plaintiff's estimate of overtime claimed to have been worked that is based solely on her own recollection is insufficient to meet her burden of proof. *See Kirk v. Invesco, Ltd.*, 700 F. App'x 334, 336–37 (5th Cir. 2017) (employee failed to establish the element where she relied on, among other things, her testimony that she worked an average of 60 hours per week); *Pittard v. Red River Oilfield Servs.*, LLC, No. 4:15-CV-3753, 2017 WL 6498336, at *4 (S.D. Tex. Dec. 15, 2017) (same where employee relied on, among other things, his testimony that he worked approximately eight to ten hours of unpaid overtime per week); *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d

428, 441 (5th Cir. 2005); (same where plaintiff pointed to her own recollection that she worked 210 hours of unpaid overtime); *see also Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 375 (5th Cir. 2014) ("an unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference") (rejecting an FLSA overtime claim where the employee's only evidence was her "unsubstantiated assertions speculated from memory . . . that she actually worked overtime for which she was not compensated"); *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 965 (5th Cir. 2016) (employee failed to established FLSA overtime claim where her "only evidence was her unsubstantiated testimony that she worked approximately ten hours of overtime a week and was not paid overtime for this period"); *see also* Defendant's Amended Jury Instruction No. 14 (Dkt. 271), at 16.

Liability Instruction on Element Three (Knowledge):

AT&T objects to the Court's instruction related to the third element of Plaintiff's claim—i.e., that Plaintiff must prove that AT&T knew or should have known that Plaintiff was performing overtime work.  *See* Court's Charge to the Jury, at 9–11.

The description of the third element on pages 9 and 10 of the Court's Charge to the Jury—i.e., that "AT&T knew or should have known that she was working more than 40 hours in that week"—misstates the law because it fails to explain AT&T must know that that Plaintiff was working more than 40 hours in a week *without pay*.  *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (denying plaintiff's overtime claim where she offered no evidence that her employer "was aware that she worked overtime hours *without compensation*") (emphasis added).

The knowledge instruction also is inadequate because it fails to state that Plaintiff has the burden of proof on this element.  *See* 5th Cir. Civil Jury Instr. § 11.24 (2014) ("To recover for

**DEFENDANT'S OBJECTIONS TO THE COURT'S JURY CHARGE – PAGE 2**

overtime hours the employee claims he or she worked without proper compensation, the employee must demonstrate that the employer 'had knowledge, actual or constructive, that he was working overtime.'" (quoting *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)); *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (plaintiff must prove that "the employer had either actual or constructive knowledge that [s]he was working overtime" without pay); *Harvill*, 433 F.3d at 441; *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 544–46 (S.D. Tex. 2011) (citing *Newton*, 47 F.3d at 748); *Nieddu v. Lifetime Fitness, Inc.*, 38 F. Supp. 3d 849, 869 (S.D. Tex. 2014); *see also* Defendant's Amended Jury Instruction No. 16 (Dkt. 271), at 18.

This instruction is incomplete because it fails to instruct the jury that an employee cannot establish the knowledge element if the employee turned in time records that did not include time worked beyond her shift, and the employee otherwise does not prove that the employer should have known that she worked more time than claimed on her time records. *See* Final Jury Charge, *Valcho v. Dal. Cnty. Hospital Dist.*, 3:07-CV-1853-D (Dkt. No. 184) (N.D. Tex. Feb. 28, 2010) (Fitzwater, C.J.) ("[I]f an employee turns in time records that do not include time worked through meal breaks, and the employee does not prove that the employer should have known that she employee worked more time than claimed on her time records, the employee has not proved that she is entitled to compensation for working [beyond her shift]. The law provides that the employee is estopped, that is, she is prevented, from claiming that she worked more than the time she claimed in her time records."); *Uhler v. Galesi Mgmt. Corp.*, No. CIV.A.3:98-CV-0005-L, 1999 WL 20949, at *5 (N.D. Tex. Jan. 8, 1999); *Novick v. Shipcom Wireless, Inc.*, No. 16-CV-0730, 2016 WL 9308201, at *6 (S.D. Tex. Nov. 22, 2016); *see also* Defendant's Amended Jury Instruction No. 16 (Dkt. 271), at 18.

Additionally, this instruction is incomplete because it fails to instruct the jury that, an employer is entitled to set a process that employees must follow to report time; and, if an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process. *See Nieddu*, 38 F. Supp. 3d at 863–64 ("if an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process"); *Fairchild*, 815 F.3d at 964–65 (affirming judgment for defendant where plaintiff sought "payment for the alleged overtime hours that she worked but did not report"); *Newton*, 47 F.3d at 748–49 (rejecting unpaid overtime claim where defendant "established specific procedures to be followed in order to receive payment for overtime," and plaintiff "ignored the procedures"); *see also see also* Defendant's Amended Jury Instruction No. 17 (Dkt. 271), at 19; 5th Cir. Civil Jury Instr. § 11.24 (2014) ("When an employer has a policy that an employee is not to work overtime without prior authorization, an employee cannot perform overtime work without the employer's knowledge and contrary to its instructions and then assert a right to be paid.").

This instruction also is incomplete because it fails to instruct the jury that, when an employee reports overtime on some occasions in accordance with the employer's time-reporting policy and is paid for that reported time, the employer is entitled to believe that the employee was accurately reporting her overtime hours worked. *See Uhler*, 1999 WL 20949, at *5 (when an employee sometimes reports overtime, the employer "is entitled to rely on the representations" the employee made and is "permitted to assume that [the employee] was working no additional overtime"); *Novick*, 2016 WL 9308201, at *6; *see also* Defendant's Amended Jury Instruction No. 17 (Dkt. 271), at 19.

Finally, this instruction is incomplete because it fails to instruct the jury that an "exception timekeeping" system—a system under which employees are presumptively paid for their scheduled shifts and required to report any variances in actual time worked—is a lawful means of tracking and paying overtime. *See Newton*, 47 F.3d at 748–49; *Fairchild*, 815 F.3d at 964–65; 29 C.F.R. §516.2(c); *see also* Defendant's Amended Jury Instruction No. 18 (Dkt. 271), at 20.

Damages Instruction (Recordkeeping and *Mount Clemens* Burden Shifting Framework):

AT&T objects to the following portion of the Court's damages instruction, which states:

> I have previously instructed you that plaintiff has the burden of proving the hours worked for which she was not properly compensated. When an employer's records are inaccurate or inadequate, the employee may satisfy the burden by proving that she performed work that was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If AT&T fails to produce such evidence, you may determine the amount of uncompensated overtime work performed by Mosley-Lovings even though such amount may be an approximation. But to recover this amount, Mosley-Lovings must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which she seeks pay.

Court's Jury Charge at 13.

This instruction—which relates to the FLSA's recordkeeping requirements and the burden shifting framework under *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)—should not have been included in the Court's Charge to the Jury. This case has nothing to do with the FLSA's recordkeeping requirements. *See* 29 U.S.C. § 211(c). The *Mount Clemens* burden shifting framework only applies when there is "[a] finding that the record-keeping requirements of [the FLSA] were violated." *Acosta v. KDE Equine, LLC*, 2018 WL 1573230, at *3 n.2 (W.D. Ky. Mar. 30, 2018); *see also, e.g.*, *Edwards v. 4JLJ, LLC*, 2017 WL 40363, at *1 (S.D. Tex. Jan. 4, 2017) (*Mount Clemens* applies "when an employer does not keep adequate time records" under the FLSA and FLSA regulations); *Santiago v. Saunders*, 2015 WL 4454782, at *2

(S.D. Fla. July 20, 2015) ("Because the Defendants did not maintain fully adequate employment records for Mr. Santiago's fixed schedule, the Court must consider whether Mr. Santiago produced sufficient evidence to create an inference that he was improperly compensated for his work, while recognizing the difficulty of recreating an employee's schedule years after the fact."). The rationale is that an employee should not be "penalize[d]" and an employer should not be rewarded for "failure to keep proper records in conformity with his statutory duty"; to hold otherwise "would allow the employer to keep the benefits of an employee's labors without paying due compensation." *Mt. Clemens*, 328 U.S. at 687.

Here, however, there is no evidence that AT&T violated the FLSA's recordkeeping requirement. Rather, the evidence shows the opposite—this is, AT&T has complied with the FLSA's recordkeeping requirements. An employer is entitled to set a process that employees must follow to report overtime. An employer also has the right to require an employee to adhere to its procedures for claiming overtime and to rely on such procedures in paying employees for overtime when it is reported in compliance with that policy. *Newton*, 47 F.3d at 748–49; *Fairchild*, 815 F.3d at 964–65; *Von Friewalde*, 339 F. App'x at 459; *Nieddu*, 38 F. Supp. 3d at 855. When such a policy is in place, an employee has a duty to notify her employer when she is working overtime. *Id*. "If an employer establishes a reasonable process for an employee to report uncompensated work time, the employer is not liable for non-payment if the employee fails to follow the established process." *Nieddu*, 38 F. Supp. 3d at 863–64. And exception timekeeping policies are a lawful means of tracking and paying overtime. *Fairchild*, 815 F.3d at 964–65; *Newton*, 47 F.3d at 748.

AT&T tracked and paid overtime through a lawful exception time reporting policy similar to those in *Fairchild* and *Newton*. Under AT&T's clear policy, employees were to report, and

AT&T paid, all overtime worked, explicitly including any extra time worked "after scheduled hours" and "during lunch periods." *See* Reporting Time Worked Policy (Tr. Ex. D-030). Plaintiff knew of her duty to report any unscheduled time, knew how to do so, and reported such time on many occasions. *See* Tr. Ex. D-001; Tr. Transcript 501:22–502:04. As such, AT&T had a right to require Plaintiff to report her unscheduled work according to its lawful timekeeping system and the right to assume that she was following those procedures, given that—at least at times—she admittedly did so. Plaintiff cannot show that AT&T's records were inaccurate (thus violating the FLSA's recordkeeping requirements) because she failed to report overtime on some occasions, as required by AT&T's timekeeping policy. In other words, an employee cannot "profit from her own wrong in furnishing false data to the employer." *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). Because there is no evidence that AT&T failed to comply with the FLSA's recordkeeping requirements, an instruction about recordkeeping and the *Mount Clemens* burden shifting framework is irrelevant and inapplicable.

Question No. 1 (Liability):

AT&T objects to the Question No. 1 on page 12 of the Court's Charge to the Jury because it fails to ask the jury whether Plaintiff has proved each of the three disputed elements of her claim: (1) she performed work without compensation; (2) that unpaid work occurred in a week in which she worked more than 40 hours; and (3) AT&T knew or should have known that she was working more than 40 hours in that week without pay. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005); *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 964–65 (5th Cir. 2016); *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *Wilson v. Navika Capital Grp., LLC*, No. 4:10-CV-1569, 2014 WL 223211, at *9 (S.D. Tex. Jan. 17, 2014). To ensure the jury properly considers whether Plaintiff has satisfied her burden with respect to each of these elements, Defendant proposes that this question be split into subparts: (a) has Plaintiff

proved by a preponderance of the evidence that she performed work in excess of 40 hours in a workweek without pay? And if so, (b) has Plaintiff proven by a preponderance of the evidence that Defendant knew or should have known that Plaintiff worked in excess of 40 hours in a workweek without being paid for such time? *See* Final Jury Charge, *Carman v. Meritage Homes Corp. et al.*, 2014 WL 9963454 (S.D. Tex. May 22, 2014) (Question 1: "Do you find from a preponderance of the evidence that Angela Carman worked off-the-clock hours that exceeded 40 hours in a workweek?" Question 2: "Do you find from a preponderance of the evidence that Meritage knew or should have known that Angela Carman worked off-the-clock hours that exceeded 40 hours in a workweek?"); *See also* Defendant's Amended Proposed Jury Questions 1 and 2 (Dkt. No. 271), at 25.

AT&T also objects to this question because it does not even specify these different elements within the same question. The fact that the question omits any mention of knowledge may mislead the jury into believing that it is not required to find knowledge to answer the question in favor of Plaintiff. A jury studying the language of the question would look in vain for any indication of whether knowledge was a part of the answer to this question. Accordingly, AT&T objects to the failure of the question to specifically and explicitly incorporate actual or constructive knowledge into the question (e.g., "Has Plaintiff proved by a preponderance of the evidence that she performed work in excess of 40 hours in a workweek without pay and that Defendant knew, or should have known, that Plaintiff had performed work in excess of 40 hours in a workweek without pay?").

Dated: August 21, 2020

Respectfully submitted,

*/s/ Ashley Johnson*

Ashley E. Johnson
 TX Bar No. 24067689
Andrew P. LeGrand
 TX Bar No. 24070132
Karl G. Nelson
 TX Bar No. 14900425
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900
KNelson@gibsondunn.com
AJohnson@gibsondunn.com
ALeGrand@gibsondunn.com

**COUNSEL FOR DEFENDANT AT&T**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2020, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system.

*/s/ Ashley E. Johnson*
 Ashley E. Johnson

**DEFENDANT'S OBJECTIONS TO THE COURT'S JURY CHARGE – PAGE 9**