

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 21 2020

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| TAMMY MOSLEY-LOVINGS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-01145-X |
| | § | |
| AT&T SERVICES, INC., | § | |
| | § | |
| *Defendant.* | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or

paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Plaintiff Tammy Mosley-Lovings has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence

means to prove something is more likely so than not so. If you find that Plaintiff Mosley-Lovings has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties have stipulated to the following facts in this case:

1. All parties are properly before this Court.

2. Jurisdiction and venue is proper in this Court. 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Defendant AT&T Services, Inc., a wholly-owned subsidiary of AT&T, Inc. ("Defendant") was Plaintiff's employer pursuant to the FLSA for all time periods relevant to this lawsuit.

4. AT&T Services, Inc. created and controlled its Corporate Code of Conduct.

5. Plaintiff Tammy Mosley-Lovings worked in AT&T call centers in Fort Worth (until September 2016) and Dallas, Texas (from September 2016 to March 14, 2018).

6. Plaintiff was compensated as an hourly paid non-exempt employee of Defendant AT&T Services, Inc. during the course of the applicable FLSA limitations period.

7. In the ordinary course of business, AT&T retains data used to populate the "actual activities" columns of adherence reports for 18 months.

8. At all times relevant to this lawsuit, Defendant was aware of the FLSA's overtime wage requirements.

9. AT&T Services, Inc.'s policy is and has been to pay its employees for all time worked, including any time worked in excess of forty (40) hours in a work week.

10. Call Center Representatives like Ms. Mosley-Lovings could report variances from her scheduled hours of work through various means including via emails, and those emails were reviewed by clerks on the "Force Team".

11. In 2015, Plaintiff's hourly rate of pay was $27.21.

12. In 2016, Plaintiff's hourly rate of pay was $28.03.

13. In 2017, Plaintiff's hourly rate of pay was $28.86.

14. In 2018, Plaintiff's hourly rate of pay was $28.86.

15. Plaintiff was an employee, as defined by the Fair Labor Standards Act, of AT&T Services, Inc. throughout all times relevant to this lawsuit.

16. AT&T Services, Inc. was engaged in commerce or in the production of goods for commerce throughout all times relevant to this lawsuit.

17. Tammy Mosley-Lovings worked as an employee for Defendant for approximately 18 years.

18. AT&T Services, Inc. is and has been a party and signatory to a certain collective bargaining agreement with Tammy Mosley-Lovings, and is one of three parties who are referred to as "the Company" in that collective bargaining agreement.

19. AT&T Services, Inc. negotiated with the union that represented Tammy Mosley-Lovings regarding job duties, progressive discipline, and termination clauses contained within the Collective Bargaining Agreement.

20. AT&T Services, Inc. required Tammy Mosley-Lovings to log out of her phone for both her two fifteen-minute breaks and her meal break, each shift she worked.

21. The applicable statute of limitations in this lawsuit is three years preceding May 4, 2018, the date Tammy Mosley-Lovings filed her Complaint. In stipulating to the applicable limitations period, AT&T Services, Inc. does not directly or implicitly admit any underlying fact, including facts that might otherwise determine the applicability of the limitations periods established in 29 U.S.C. § 255.

22. If Tammy Mosley-Lovings is entitled to any recovery of unpaid overtime, she is also entitled to liquidated damages under 29 U.S.C. § 260. In stipulating to the availability of liquidated damages, AT&T Services, Inc. do[es] not directly or implicitly admit any underlying fact, including facts that might otherwise determine the availability of liquidated damages under 29 U.S.C. § 260.

23. Defendant AT&T Services, Inc. possessed the power to hire and fire Call Center Representatives, supervised them and set their work schedule, determined the rate and method of pay for work performed by them, and maintained employment records for them.

24. The call center associate's work schedules are contained in a computer platform called "IEX".

25. The Force Team could access a screen showing all trade time and incidental overtime exceptions entered by call center associates.

During Mosley-Lovings' case-in-chief, AT&T entered evidence of a severance that Mosley-Lovings received when the call center she worked at closed, and she decided not to move to work at the new one. That severance does not factor in to the amount of damages Mosley-Lovings is entitled to if you find that she has proven her case. This also means that you cannot find for AT&T simply because Mosley-Lovings received a severance check.

The exhibits referenced in deposition testimony of Mikishia Pittman contained references to exhibits that were numbered differently for those depositions than they are for trial. The parties have stipulated that the following list accurately states the

deposition exhibit number and the corresponding trial exhibit number:

Pittman Deposition exhibit 3 is Plaintiff's Trial Exhibit 103

Pittman Deposition exhibit 4 is Plaintiff's Trial Exhibit 104

Pittman Deposition exhibit 5 is Plaintiff's Trial Exhibit 105

Pittman Deposition exhibit 6 is Plaintiff's Trial Exhibit 106

Pittman Deposition exhibit 7 is Plaintiff's Trial Exhibit 107

Pittman Deposition exhibit 8 is Plaintiff's Trial Exhibit 108

Pittman Deposition exhibit 11 is Plaintiff's Trial Exhibit 111

Pittman Deposition exhibit 16 is Plaintiff's Trial Exhibit 116

Pittman Deposition exhibit 17 is Plaintiff's Trial Exhibit 117

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have

testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you. This deposition testimony is entitled to the same consideration and

weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## MOSLEY-LOVINGS'S FAIR LABOR STANDARDS ACT CLAIM

Mosley-Lovings asserts a claim under the Fair Labor Standards Act, also known as the FLSA. The FLSA is a federal law that provides for the payment of time-and-a-half overtime pay.

Mosley-Lovings claims that AT&T Services, Inc. (AT&T) did not pay her the overtime pay required by the FLSA. AT&T denies this contention and contends that Mosley-Lovings was paid in accordance with the FLSA.

To succeed on her claim. Mosley-Lovings must prove each of the following three elements by a preponderance of the evidence:

• First, AT&T employed Mosley-Lovings during the time period involved in this lawsuit;

• Second, Mosley-Lovings was an employee engaged in, or employed by an enterprise engaged in. commerce or in the production of goods for commerce; and

• Third, AT&T failed to pay Mosley-Lovings the overtime pay the FLSA requires.

The first two elements are not in dispute. The parties have stipulated, or agreed, that AT&T employed Mosley-Lovings, and that AT&T is an enterprise engaged in commerce or in the production of goods for commerce. Therefore, you only need to determine whether Mosley-Lovings has proven the third element of her claim.

To prove the third element. Mosley-Lovings must establish by a preponderance of the evidence that: (1) she performed work without compensation; (2) that unpaid work occurred in a week in which she worked more than 40 hours; and (3) AT&T

knew or had reason to believe that she was working more than 40 hours in that week.

If, after considering all of the evidence, you find that Mosley-Lovings has not proved the third element of her claim, your verdict must be for AT&T.

To prevail on an overtime claim, Mosley-Lovings must first demonstrate that she has performed work for which she alleges she was not compensated. Mosley-Lovings satisfies this burden if she proves that (1) she has performed overtime work for which she was improperly compensated and (2) if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time she worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To prevail on a claim for overtime under the Fair Labor Standards Act, a plaintiff must prove, by a preponderance of the evidence, that the employer failed to pay the plaintiff overtime for all hours worked in excess of 40 in one or more workweeks. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.

An employee's time spent primarily for the benefit of the employer or the

employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing overtime work. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time.

An employer has the right to require an employee to adhere to its procedures for claiming overtime and an employee has a duty to notify his employer when she is working extra hours. If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the statute. If the employer neither knew nor had reason to believe that overtime work was being performed, the time does not constitute "hours worked."

An employer's access to information, such as phone or computer log-on and log-off data, standing alone, does not prove the employer knew or had reason to believe that the employee was working overtime without pay. The fact that an employer has access to information may mean that the employer could have known that the employee was working, but the question is whether the employer actually knew or had reason to believe.

Question No. 1:

Has Plaintiff Tammy Mosley-Lovings proven by a preponderance of the evidence that Defendant AT&T Services, Inc. failed to pay her the overtime pay required by law?

Answer "Yes" or "No."

<u>   NO         </u>

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

If you find that Mosley-Lovings has proved her claim by a preponderance of the evidence, then you must turn to the question of damages. You should not interpret the fact that I am giving instructions about Mosley-Lovings's damages that I have any opinion as to whether Mosley-Lovings has proved her claim. I am instructing you on damages only so that you will have guidance in the event you decide that AT&T violated the FLSA and that Mosley-Lovings is entitled to recover money from AT&T.

Mosley-Lovings has the burden of proving damages by a preponderance of the evidence. It is for you to determine what damages, if any, have been proved. Any award of damages must have a reasonable basis in the evidence. You may not award damages based on sympathy, speculation, or guesswork.

And when you go back to the jury room to deliberate, you will have access to exhibits that have been admitted in this case. That includes evidence and summations of CTI and IEX data, or logon / logoff data. That data cannot be used to

calculate how much overtime Mosley-Lovings did or did not work but can be used the purpose of corroborating her estimates of how much overtime she worked.

I have previously instructed you that plaintiff has the burden of proving the hours worked for which she was not properly compensated. When an employer's records are inaccurate or inadequate, the employee may satisfy the burden by proving that she performed work that was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If AT&T fails to produce such evidence, you may determine the amount of uncompensated overtime work performed by Mosley-Lovings even though such amount may be an approximation. But to recover this amount, Mosley-Lovings must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which she seeks pay.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize AT&T.

The FLSA provides that Mosley-Lovings should receive damages in the amount of her unpaid overtime compensation. The measure of damages is the difference between what Mosley-Lovings should have been paid under the FLSA and the amount that she was actually paid.

In calculating damages, each workweek must be considered separately. To calculate the number of unpaid overtime hours, you must follow a two-step process:

First, for each workweek in the applicable period, you must decide whether Mosley-Lovings worked in excess of 40 hours without compensation during that workweek. Second, for each workweek in which Mosley-Lovings worked in excess of 40 hours without compensation, you then must decide the amount of time that Mosley-Lovings worked in excess of 40 hours without compensation for that workweek.

Mosley-Lovings's pay rate for each time period in question is not disputed. Therefore, if you determine that Mosley-Lovings was not compensated for working a certain number of overtime hours, the court will compute, based on your answers, the amount of unpaid compensation that Mosley-Lovings is entitled to recover.

Question No. 2:

State the amount of time that Mosley-Lovings has proven she worked in excess of 40 hours without pay within each workweek listed below. You should only include time Mosley-Lovings has proven that AT&T knew or had reason to believe she worked in excess of 40 hours in a workweek without being paid. Answer in hours and minutes in the spaces provided below. Answer separately as to each workweek.

| Workweek | Number of Unpaid Hours and Minutes in Excess of 40 Hours |
| --- | --- |
| May 4, 2015 | |
| July 13, 2015 | |
| August 3, 2015 | |
| August 17, 2015 | |
| September 14, 2015 | |
| September 28, 2015 | |
| October 5, 2015 | |
| October 12, 2015 | |
| October 26, 2015 | |
| November 2, 2015 | |
| November 9, 2015 | |
| December 7, 2015 | |
| January 4, 2016 | |

| | |
|---|---|
| January 25, 2016 | |
| February 22, 2016 | |
| March 28, 2016 | |
| April 4, 2016 | |
| April 18, 2016 | |
| April 25, 2016 | |
| June 13, 2016 | |
| July 18, 2016 | |
| August 15, 2016 | |
| September 26, 2016 | |
| October 10, 2016 | |
| October 24, 2016 | |
| December 12, 2016 | |

## DELIBERATIONS

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of

this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

August 21, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

Please have your foreperson sign and date this form and turn it in because you have completed your deliberations.

Aug. 21  2020                _____
Date                        Jury Foreperson